IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAMONT DEMBY<br>6330 Broadneck Road<br>Chestertown, MD 21620 | *<br><br>* |
| Plaintiff | * |
| vs. | * |
| **CHESTERTOWN, MARYLAND**, et al.<br>**Serve on:   Suzanne Hayman**<br>       **123 Court Street**<br>       **Chestertown, MD 21620** | *<br><br>*<br><br>* |
| and | * |
| KENT COUNTY, MARYLAND<br>Serve On:   Ernest E. Cookerly, Esq.<br>       123 Court Street<br>       Chestertown, MD 21620 | *<br><br>*<br><br>* |
| and | CIVIL ACTION : |
| SERGEANT C.F. WODE<br>333 South Cross Street<br>Chestertown, MD 21620 | *<br><br>*<br><br>* |
| and | * |
| OFFICER JASON YIANNAKIS<br>333 South Cross Street<br>Chestertown, MD 21620 | *<br><br>*<br><br>* |
| and | * |
| **CHESTERTOWN POLICE DEPARTMENT**<br>**Serve on:   Suzanne Hayman**<br>       **123 Court Street**<br>       **Chestertown, MD 21620** | *<br><br><br>* |

<u>CIVIL COMPLAINT FOR PERSONAL INJURY AND CIVIL RIGHTS VIOLATION</u>

<u>INTRODUCTION</u>

1.   Jurisdiction and Venue.  The jurisdiction of this Court is founded upon grounds of

Federal question.

2. Nature Of the Case. This is an action brought by Plaintiff, Lamont Demby for damages against Defendants for false imprisonment, slander, assault, defamation per se (slander), intentional infliction of emotional distress, negligent supervision, wrongful prosecution, and racial discrimination.

3. Damages. Plaintiff has sustained, and will sustain in the future, significant damages as a result of Defendants' conduct, including but not limited to bodily injury, humiliation, loss of self esteem, anxiety, embarrassment and emotional distress. Plaintiff seeks appropriate compensatory damages and because Defendants' actions were so utterly outrageous, offensive and intolerable, Plaintiff also seeks appropriate punitive damages.

THE PARTIES

4. Lamont Demby ( hereinafter referred to as "Plaintiff") is a thirty (30) year old African American male who currently, and at all times relevant to the claims herein, resides at 6330 Broadneck Road, Chestertown, MD 21620.

5. That Sgt. C. F. Wode was, at all times relevant hereto, an employee of the City of Chestertown acting within the scope of his employment as a Chestertown Police Officer.

6. That Officer Jason Yiannakis was, at all times relevant hereto, an employee of the City of Chestertown acting within the scope of his employment as a Chestertown Police Officer.

7. **The Mayor & City Council of Chestertown is a municipality and/or corporate entity operating and created under the laws of the State of Maryland and, at all times relevant hereto, employed the Chestertown Police Department to enforce the Laws of the City of Chestertown**.

8. **That Chestertown is a municipality created and operating under the laws of the State of Maryland and, at all times relevant hereto, employed the Chestertown Police Department to enforce the Laws of the City of Chestertown.**

FACTS COMMON TO ALL COUNTS

9. On or about August 30, 2001, Plaintiff was operating his motor vehicle on Washington Avenue

in Chestertown Maryland when his vehicle was stopped by Defendant Wode who was operating a police issued vehicle and wearing his police issued uniform.

10. When Defendant Wode approached Plaintiff's vehicle, Plaintiff asked Defendant Wode why he was being stopped.

11. Defendant Wode replied that he had seen Plaintiff earlier, but that he could not remember Plaintiff's middle name to run Plaintiff's name.

12. Defendant Wode referred to Plaintiff as "boy" while talking to the Plaintiff.

13. Defendant Wode stated to the Plaintiff, " Boy, where did you get such a nice car".

14. Plaintiff was asked to produce his license and registration and did so.

15. Defendant Wode walked to his police vehicle and then returned to the Plaintiff's vehicle and asked the Plaintiff to step out of the car.

16. When Plaintiff asked why, he was informed that his license was suspended.

17. Plaintiff stepped out of the car and as he was proceeding to lean against his vehicle, as requested by Defendant Wode, Defendant Wode pushed Plaintiff against his car and began choking the Plaintiff with a police issued black jack.

18. Defendant Yiannakis assisted Defendant Wode by wrestling the Plaintiff to the ground and kicking and choking the Plaintiff.

19. During the ordeal, several racial epithets were directed towards the Plaintiff.

20. The plaintiff's hands were pinned under his body while Defendants Wode and Yiannakis were on top of the Plaintiff's back applying pressure.

21. Defendants Yiannakis and Wode were shouting at Plaintiff to give his hands to Plaintiff while they continued to apply greater pressure to Plaintiff's hands, knowing all the while that they were preventing Plaintiff from releasing his hands from beneath himself.

22. Plaintiff was kicked in his ribs by Defendant Yiannakis and had shortly blacked out while being kicked and choked.

23. When Plaintiff regained consciousness one of the Defendant Officers had gotten off of the Plaintiff and allowed Plaintiff to release his hands and place them behind his back.

24. Plaintiff was placed in handcuffs and taken to an emergency room.

25. Plaintiff was in such extreme pain that he believed that he was going to die.

26. Plaintiff was choked to the point of having the white portion of his eyes become totally bloodshot red.

27. After being examined at the emergency room, Plaintiff was taken to the police station, processed, and released from custody.

28. Plaintiff was charged with driving with a suspended license, displaying a suspended license, and resisting arrest.

29. The charges against the Plaintiff were dismissed prior to Plaintiff having to appear for trial.

CAUSES OF ACTION

COUNT I<br>(FALSE IMPRISONMENT)

30. Plaintiff incorporates by reference allegations contained in paragraphs 1-27 into this count as if fully set forth herein.

31. Defendants Wode and Yinnakis unlawfully and without legal justification, deprived Plaintiff of his liberty against his will by use of threats and force.

32. As a direct and proximate result of Plaintiffs false imprisonment, he has suffered permanent injury, humiliation, mental anguish and loss of self-esteem.

WHEREFORE, Plaintiff demand as follows:

A. Judgment against all Defendants, jointly and severally, for compensatory damages in the amount of five hundred thousand dollars ($500,000.00) for Plaintiff.

B. Judgment against all Defendants jointly and severally, for punitive damages in an amount in excess of ten million dollars ($10,000,000.00) for their actions toward Plaintiff and to deter similar conduct in the future.

C. Judgment against all Defendants for reasonable attorneys fees, costs and such other relief as this Court deems proper.

## COUNT II
### (DEFAMATION PER SE)

33.  Plaintiff incorporates by reference the allegations contained in paragraphs 1-30 into this count as if fully set forth herein.

34.  Defendant Wode negligently implied and directly stated through his conduct and words that the Plaintiff was resisting arrest and that Plaintiff had possessed drugs on the date of this incident.

35.  Said actions, negligently and with reckless disregard for the truth, published a false and defamatory statement about Plaintiff, exposed him to public ridicule and significantly lowered the community's opinion about him.

36.  As a direct and proximate result of the conduct of defendant, Plaintiff has suffered loss of reputation, embarrassment, humiliation, mental anguish and loss of self-esteem.

WHEREFORE, Plaintiff demand as follows:

A.  Judgment against Defendants Wode, **The Mayor and City Council of Chestertown and Chestertown** jointly and severally, for compensatory damages in the amount of five hundred thousand dollars ($500,000.00) for Plaintiff.

B.  Judgment against Defendants Wode, **The Mayor and City Council of Chestertown, and Chestertown** jointly and severally, for punitive damages in an amount in excess of ten million dollars ($10,000,000,00) for their actions toward Plaintiff and to deter similar conduct in the future.

C.  Judgment against all Defendants for reasonable attorneys fees, costs and such other relief as this Court deems proper.

## COUNT III
### (ASSAULT/BATTERY)

37.  Plaintiff incorporates by reference allegations contained in paragraphs 1-34 into this count as if fully set forth herein.

38. While working in the scope of their employment as officers, Defendants Wode and Yiannakis created fear and apprehension toward Plaintiff of an unlawful, unjustified touching or contact as well as having caused the unlawful touching.

39. As a direct and proximate result of Defendants' actions, Plaintiff has suffered permanent injury, including embarrassment, humiliation, mental anguish and loss of self esteem.

WHEREFORE, Plaintiff demands as follows:

A. Judgment against all Defendants jointly and severally, for compensatory damages in the amount of five hundred thousand dollars ($500,000.00) for Plaintiff.

B. Judgment against all Defendants jointly and severally, for punitive damages in an amount in excess of ten million dollars ($10,000,000.00) for their actions toward Plaintiff and to deter similar conduct in the future.

C. Judgment against all Defendants for reasonable attorneys fees, costs and such other relief as this court deems proper.

## COUNT IV
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

40. Plaintiff incorporates by reference allegations contained in paragraphs 1 through 37 into this count as if fully set forth herein.

41. Defendant Chestertown through its agents, Defendants Wode and Yiannakis intentionally caused severe emotional distress to the Plaintiff by way of the their extreme, reckless and outrageous conduct, including but not limited to their removing Plaintiff from his vehicle, beating him unconscious and charging him criminal conduct.

42. As a direct and proximate result of Defendants' extreme, reckless and outrageous conduct Plaintiff has suffered and will continue to suffer, severe emotional distress, embarrassment, humiliation, and mental anguish.

WHEREFORE, Plaintiff demands as follows:

A. Judgment against all Defendants, jointly and severally, for compensatory damages in the amount of five hundred thousand dollars ($500,000.00) for Plaintiff.

B. Judgment against all Defendants, jointly and severally, for punitive damages in an amount in excess of ten million dollars($10,000,000.00) for their actions toward Plaintiff and to deter similar conduct in the future.

C. Judgment against all Defendants for reasonable attorneys fees, costs and such other relief as this Court deems proper.

## COUNT VI
### (NEGLIGENT SUPERVISION)

43. Plaintiff incorporates by reference allegations contained paragraphs 1- 40 into this count as if fully set forth herein.

44. Defendant Chestertown owed a duty of care to its customers relative to their personal security and application of the Police Department's policies and Practices.

45. Defendant Chestertown breached its duty of care by failing to monitor and supervise its officers' activities and preventing conduct by its employees that violated departmental written policies.

46. As a direct and proximate result of defendant's negligent supervision of Defendants Wode and Yiannakis, Plaintiff has suffered, and will continue to suffer, severe emotional distress, embarrassment, humiliation and loss of self-esteem.

WHEREFORE, Plaintiff demands as follows;

A. Judgment against Defendant Chestertown **and The Mayor and City Council of Chestertown** for compensatory damages in the amount of five hundred thousand dollars ($500,000.00) for Plaintiff.

B. Judgment against Defendant Chestertown **and The Mayor and City Council of Chestertown** for punitive damages in an amount in excess of ten million dollars ($10, 000, 000. 00) for their actions toward Plaintiff and to deter similar conduct in the future

C. Judgment against Defendant Chestertown and The Mayor and City Council of Chestertown for reasonable attorneys fees, costs and such other relief as this Court deems proper.

## COUNT VII
### ( Malicious Prosecution)

47. Plaintiff incorporates by reference allegations contained paragraphs 1- 44 into this count as if fully set forth herein.

48. Defendants Wode and Yiannakis, while acting as Chestertown agents/employees instituted a criminal proceeding against the Plaintiff.

49. The charges against the Plaintiff were dismissed.

50. Defendants had no probable cause to institute the criminal proceeding.

51. Defendant instituted the proceeding with malice or some purpose other than to bring Plaintiff to justice.

WHEREFORE, Plaintiff demands as follows:

A. Judgment against all Defendants jointly and severally, for compensatory damages in the amount of five hundred thousand dollars ($500,000.00).

B Judgment against all Defendants jointly and severally, for punitive damages in an amount in excess of ten million dollars ($10,000,000.00) for their actions toward Plaintiff and to deter similar extreme and racist conduct in the future.

C. Judgment against all Defendants for reasonable attorneys fees, costs and such other relief as this court deems proper.

## COUNT VIII
### (VIOLATION OF Article 24 and 26 of the Maryland Declaration of Rights)

52. Plaintiff incorporates by reference allegations contained in paragraphs 1-49 into this

count as if set forth herein.

53.     Defendants beat the Plaintiff violently, excessively, and detained the Plaintiff without due process.

54.     Defendants' actions were in violation of rights guaranteed to Plaintiff by Articles 24 and 26 of the Maryland Declaration of Rights.

WHEREFORE, Plaintiff demands as follows:

A.      Judgment against all Defendants jointly and severally, for compensatory damages in the amount of five hundred thousand dollars ($500,000.00).

B       Judgment against all Defendants jointly and severally, for punitive damages in an amount in excess of ten million dollars ($10,000,000.00) for their actions toward Plaintiff and to deter similar extreme and racist conduct in the future.

C.      Judgment against all Defendants for reasonable attorneys fees, costs and such other relief as this court deems proper.

## COUNT IX
## ( VIOLATION OF CIVIL RIGHTS( 1983)

53.     Plaintiff incorporates by reference allegations contained in paragraphs 1-52 into this count as if set forth herein.

54.     The actions of the Defendants violated the Plaintiff's constitutional rights to be free from racial discrimination.

WHEREFORE, Plaintiff demands as follows:

A.      Judgment against all Defendants jointly and severally, for compensatory damages in the amount of five hundred thousand dollars ($500,000.00).

B       Judgment against all Defendants jointly and severally, for punitive damages in an amount in excess of ten million dollars ($10,000,000.00) for their actions toward Plaintiff and to deter similar extreme and racist conduct in the future.

  C. Judgment against all Defendants for reasonable attorneys fees, costs and such other relief as this court deems proper.

Jury Demand

Plaintiff demands a trial by jury as to all issues.

            Respectfully submitted,

            _____/s/_____

            James L. Rhodes
            10 N. Calvert Street
            Suite 204
            Baltimore, MD 21202
            (410) 783-7344

            Attorney for Plaintiff